# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **LAVERNE DIANE TILLEY,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 5:08-CV-434 (HL) |
| | : | |
| **MARTHA BARRS and METROPOLITAN LIFE INSURANCE COMPANY,** | : : : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

Currently pending before the Court is the Motion of Metropolitan Life Insurance Company to Join Defendants in Interpleader (Doc. 28) and Motion for Appointment of Guardian *Ad Litem* (Doc. 31). For the reasons set forth below, the Motion to Join Defendants is granted. The Court reserves ruling on the Motion for Appointment until additional information is provided by the parties as instructed below.

### A.   BACKGROUND

This action involves a dispute over life insurance proceeds. Mark Tilley, the decedent, was an employee of the United States Postal Service prior to his death. As a federal employee, Mr. Tilley was insured under the Federal Employees' Group Life Insurance Policy (the "FEGLI Policy"). The FEGLI Policy is a contract issued by Defendant Metropolitan Life Insurance Company ("MetLife") to the United States Office of Personnel Management pursuant to the Federal Employees' Group Life Insurance Act, 5 U.S.C. §§ 8701-8716.

In September of 1997, Mr. Tilley completed a Designation of Beneficiary form, in which he designated Respondent Martha Barrs, then his wife, the sole beneficiary of the FEGLI Benefits. For purposes of this Order only, the Court will assume that Mr. Tilley's employer received this beneficiary form. Mr. Tilley and Ms. Barrs divorced in November of 2004, and Mr. Tilley and Petitioner Laverne Tilley were married in March of 2005.

According to Ms. Tilley, who was married to Mr. Tilley at the time of his death, Mr. Tilley completed a new Designation of Beneficiary form for the FEGLI Policy on September 15, 2005. This form named Ms. Tilley as beneficiary of 50% of the life insurance proceeds, D.T. as beneficiary of 25% of the life insurance proceeds, and J.T. as beneficiary of 25% of the life insurance proceeds. D.T. and J.T. are Mr. Tilley's minor sons. Ms. Tilley contends that Mr. Tilley properly completed the Designation of Beneficiary form and gave it to his employer before his death. Mr. Tilley's employer, however, denies ever receiving the 2005 form. Mr. Tilley died on July 14, 2008.

The Federal Employees' Group Life Insurance Act provides that group life insurance benefits under the FEGLI Policy are first to be paid "to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office...." 8 U.S.C. § 8705(a). Documents provided by MetLife show that in August of 2008, both Ms. Tilley and Ms. Barrs filed claims for the FEGLI benefits. On October 10, 2008, Ms. Tilley was informed by the Office of Federal Employees' Group Life Insurance ("OFEGLI") at MetLife that the 2005 beneficiary form was not received by Mr. Tilley's employer prior to his death, making it invalid. Since OFEGLI believed the only valid beneficiary form was the one designating Ms. Barrs as the beneficiary, it notified Ms. Tilley

2

that the benefits would be released to Ms. Barrs. Ms. Tilley immediately obtained a temporary restraining order in the Superior Court of Bibb County, Georgia, under which MetLife was ordered not to disburse the contested insurance benefits until further order of the court.

Ms. Tilley subsequently filed this suit in the Superior Court of Bleckley County, Georgia. MetLife removed the case to this Court, and filed a counterclaim and cross-claim in interpleader requesting that the Court determine the claims to the FEGLI benefits and give it directions as to how the benefits should be disbursed.

It is Ms. Tilley's position that Mr. Tilley properly completed the beneficiary form in 2005 and turned it into his employer prior to his death. If so, she, D.T., and J.T. would be entitled to the FEGLI Policy proceeds.[1] Ms. Barrs, of course, contends that the 2005 form has no force or effect, which means she is entitled to the proceeds under the 1997 designation form. Clearly, there is a dispute about to whom the benefits should be paid.

### B. Motion to Join Defendants in Interpleader

In its Motion, MetLife requests that D.T. and J.T. be joined as defendants to the counterclaim and cross-claim in interpleader. The Motion appears to be unopposed by Ms. Tilley, D.T., and J.T. The only response to the Motion was filed by Ms. Barrs (Doc. 41), in which she requests that the Court deny MetLife's Motion. Ms. Barrs contends that adding

---

[1] D.T., through his natural guardian and next friend, has filed his own Complaint in Interpleader (Doc. 17) seeking a declaratory judgment declaring that the 2005 beneficiary form is the effective form. Under the 2005 form, D.T. would receive 25% of the life insurance proceeds.

3

D.T. and J.T. as parties will not serve the interests of justice, will cause undue delay, and will require unnecessary expense.

Federal Rule of Civil Procedure 19 provides:

> (a)  Persons Required to Be Joined if Feasible.
>
> (1)  *Required Party.*  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A)  in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i)  as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (2)  *Joinder by Court Order.*  If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

In deciding if D.T. and J.T. are persons who should be joined if feasible, "pragmatic concerns, especially the effect on the parties and the litigation, control." Challenge Homes, Inc. v. Greater Naples Care Ctr., 669 F.2d 667, 669 (11th Cir.1982) (internal citations and quotation marks omitted). "An absent claimant to a limited fund, such as the proceeds of an

insurance policy, is ordinarily considered to be an indispensable party to litigation." <u>Belcher ex rel. Belcher v. Prudential Ins. Co. of America</u>, 158 F.Supp.2d 777, 779 (S.D.Ohio 2001).

Both D.T. and J.T. have a potential interest in the FEGLI Policy proceeds. Fed.R.Civ.P. 19(a)(1)(B). If it is proven that the 2005 beneficiary form controls, they will be entitled to proceeds from the Policy. Since D.T. and J.T. have an interest, the next question is whether nonjoinder of D.T. and J.T. may "as a practical matter impair or impede [their] ability to protect [their] interest[s]." Fed.R.Civ.P. 19(a)(1)(B)(i). A decision in Ms. Barrs' favor would adversely affect both J.T.'s and D.T.'s interests, as they would receive nothing under the Policy.

J.T. and D.T. have separate interests in this matter that need to be protected.[2] The Court finds that D.T. and J.T. are necessary parties to the interpleader action. The Motion of Metropolitan Life Insurance Company to Join Defendants in Interpleader (Doc. 28) is **GRANTED.**[3] D.T. and J.T. are hereby joined as defendants to the counterclaim and cross-claim in interpleader filed by MetLife.

### C. Motion for Appointment of Guardian *Ad Litem*

MetLife has requested that Bradley G. Pyles, a local attorney, be appointed as guardian *ad litem* for J.T., and that his services be paid out of the interpled funds. Ms. Tilley

---

[2] J.T. is the natural child of Mr. Tilley and Ms. Barrs. D.T. is the natural child of Mr. Tilley from another relationship. The Court does not believe the interests of D.T. and J.T. are adequately represented by the existing parties.

[3] Their joinder will not deprive the Court of subject matter jurisdiction.

and D.T. have consented to Mr. Pyles' appointment and to the payment for his services out of the interpled funds.

Ms. Barrs acknowledges the need for a guardian for J.T. She does not, however, agree with the terms proposed by MetLife. If the Court appoints Mr. Pyles as guardian, Ms. Barrs objects to him being paid out of the interpled funds. In the alternative, Ms. Barrs requests that a non-attorney be appointed to serve as guardian if the Court decides that the guardian should be paid out of the interpled funds.

The Court is required by Federal Rule of Civil Procedure 17 to appoint a guardian to represent J.T. It does, however, understand Ms. Barrs' position with regard to paying an attorney out of the interpled funds. The parties are directed to confer and determine if they can agree on a qualified non-attorney to serve as the guardian *ad litem* in this case. The parties are to report back to the Court within ten (10) days of the date of entry of this Order.

**SO ORDERED**, this the 4th day of May, 2009.

> *s/ Hugh Lawson*
> **HUGH LAWSON, SENIOR JUDGE**

mbh