# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **LAVERNE DIANE TILLEY,** | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 5:08-CV-434 (HL) |
| **MARTHA BARRS and METROPOLITAN LIFE INSURANCE COMPANY,** | : | |
| Respondents. | : | |

_____

## ORDER

This case is before the Court on Metropolitan Life Insurance Company's Motion for Dismissal with Prejudice and for Injunctive Relief (Doc. 49).  For the reasons set forth below, the Motion is granted, in part, and denied, in part.

**A.    BACKGROUND**

This action involves a dispute over life insurance proceeds.  Mark Tilley, the decedent, was an employee of the United States Postal Service prior to his death.  He was insured under the Federal Employees' Group Life Insurance Policy (the "FEGLI Policy"), issued by Respondent Metropolitan Life Insurance Company ("MetLife").

In September of 1997, Mr. Tilley completed a Designation of Beneficiary form, in which he designated Respondent Martha Barrs, then his wife, the sole beneficiary of the FEGLI Benefits.  Mr. Tilley and Ms. Barrs divorced in November of 2004, and Mr. Tilley and Petitioner Laverne Tilley were married in March of 2005.

According to Ms. Tilley, who was married to Mr. Tilley at the time of his death, Mr. Tilley completed a new Designation of Beneficiary form on September 15, 2005. This form named Ms. Tilley as beneficiary of 50% of the life insurance proceeds, D.T. as beneficiary of 25% of the life insurance proceeds, and J.T. as beneficiary of 25% of the life insurance proceeds. D.T. and J.T. are Mr. Tilley's minor sons. Ms. Tilley contends that Mr. Tilley properly completed the Designation of Beneficiary form and gave it to his employer before his death. Mr. Tilley's employer, however, denies ever receiving the 2005 form. Mr. Tilley died on July 14, 2008.

The Federal Employees' Group Life Insurance Act provides that group life insurance benefits under the FEGLI Policy are first to be paid "to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office...." 8 U.S.C. § 8705(a). In August of 2008, both Ms. Tilley and Ms. Barrs filed claims for the FEGLI Benefits. On October 10, 2008, Ms. Tilley was informed by the Office of Federal Employees' Group Life Insurance ("OFEGLI") that the 2005 beneficiary form was not received by Mr. Tilley's employer prior to his death, making it invalid. Since OFEGLI believed the only valid beneficiary form was the one designating Ms. Barrs as the beneficiary, it notified Ms. Tilley that the benefits would be released to Ms. Barrs. Ms. Tilley immediately obtained a temporary restraining order in the Superior Court of Bibb County, Georgia, under which MetLife was ordered not to disburse the contested insurance benefits until further order of the court.

Ms. Tilley subsequently filed this suit in the Superior Court of Bleckley County, Georgia. Because of the clear dispute about to whom the benefits should be paid, after

removing the case to this Court, MetLife filed a counterclaim and cross-claim in interpleader against Ms. Tilley and Ms. Barrs requesting that the Court determine the claims to the FEGLI Benefits and give it directions as to how the benefits should be disbursed.  In an order entered on May 4, 2009, the Court joined D.T. and J.T. as defendants to the counterclaim and cross-claim in interpleader filed by MetLife.

On February 5, 2009, MetLife deposited funds in the amount of $326,556.74 into the registry of the court, representing the policy proceeds and interest.  MetLife has now requested that it be dismissed with prejudice from this action; that it be discharged from further liability under the FEGLI Policy by reason of the death of the decedent; and that it be awarded certain attorney's fees and costs.[1]

Defendants in interpleader Ms. Tilley and D.T., through his natural guardian, Crystal Rogers, consent to MetLife's dismissal with prejudice.  Defendant in interpleader J.T., through his guardian ad litem, Bradley G. Pyles, Esq., consents to MetLife's dismissal without prejudice.  Defendant in interpleader Ms. Barrs, who was the only party to file a response to MetLife's Motion, contends that MetLife is not entitled to be dismissed with prejudice and is not entitled to an award of attorney's fees or costs.

---

[1] MetLife also initially requested that it be granted a permanent injunction against any further legal proceedings brought by the defendants in interpleader with respect to the FEGLI Benefits payable by reason of the death of the decedent.  In its reply brief, however, MetLife states that it "will not press for such injunctive relief in this Rule 22 interpleader action, however, because such will not be necessary should this Court dismiss and discharge MetLife from all further liability." (Doc. 55, p. 4, FN. 4).  In light of the Court's ruling, it is not necessary to address the request for injunctive relief.

**B.     Discussion**

Federal Rule of Civil Procedure 22 allows a stakeholder to bring an interpleader claim when the stakeholder "is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22. Once the Court has determined that interpleader is appropriate, the Court may discharge the stakeholder from additional liability.

In this case, MetLife was certainly justified in bringing an interpleader action because it received conflicting claims from Ms. Tilley and Ms. Barrs. MetLife has paid into the Court the sum of the life insurance benefit to be paid to the proper beneficiary, plus interest. It has also asserted that it is a mere stakeholder and has no interest in the FEGLI Benefits. There is no evidence that the interpleader action was filed in bad faith.

Ms. Barrs contends that MetLife should not be dismissed with prejudice because discovery, which is not scheduled to end until October, 2009, may reveal that she has a tort claim or some other claim against MetLife arising out of the manner in which MetLife handled Ms. Barrs' claim including, but not limited to, MetLife's failure to pay Ms. Barrs in a timely manner. If MetLife is dismissed with prejudice, Ms. Barrs "will be barred from pursuing any such claim before she even knows of its existence." (Doc. 53, p. 6).

Since the parties have not engaged in discovery pending the outcome of this Motion, the Court is reluctant to give MetLife a complete discharge of liability at this time. While MetLife's liability beyond the face amount of the policy may be unlikely, the Court cannot find as a matter of law that it could not be liable on a claim other than one for the proceeds of the policy. Accordingly, MetLife will be dismissed from the action without prejudice and will be

discharged from any further liability as to the funds it has deposited with the Court and as to any claim asserted or which may be asserted against any of these deposited funds.

In its reply brief, MetLife makes a prospective claim for attorney's fees and costs, requesting that it be rewarded any fees that it will incur if it is denied dismissal with prejudice and discharge from all further liability.  The request is denied at this time.

**IT IS THEREFORE ORDERED** that (1) MetLife's Motion for Dismissal with Prejudice and for Injunctive Relief (Doc. 49) is granted, in part, and denied, in part; (2) MetLife is discharged from any further liability for the proceeds of the FEGLI Policy; and (3) MetLife is dismissed from this action without prejudice.

**SO ORDERED**, this the 25th day of August, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh